498 P.2d 648

**AMERICAN SAVINGS & LOAN ASSOCIA-
TION, a Utah corporation, Plain-
tiff and Respondent,**

v.

**Otis A. PIERCE et al., Defendants
and Appellant.**

**No. 12779.**

Supreme Court of Utah.

June 22, 1972.

Summerhays, Klingle & Cohne, Lowell V. Summerhays, Salt Lake City, for defendants-appellants.

Alma H. Boyce, Salt Lake City, for plaintiff-respondent.

HENRIOD, Justice:

Appeal from a judgment denying a motion to reconsider a denied motion to vacate a judgment in plaintiff's favor arising out of money lost in cashing an insufficient funds check signed by defendant Christensen. Affirmed with costs on appeal to plaintiff.

Defendant's fiscal unorthodoxy is exceeded only by that reflected in the preceding paragraph. He signed a blank check, one of whose payees was codefendant Pierce, who also was codepositor with Christensen in the bank upon which the check was drawn. Pierce promptly kited the check, plaintiff foolishly cashed it, and the bank wisely dishonored it.

The main thrust of Christensen's appeal is that relief should have been granted by vacating the judgment on the ground of excusable neglect. The record does not reveal any excusable neglect of any kind. Contrariwise, it reveals not only irresponsible neglect, but a flouting of procedural rules beyond judicial repair, repeated refusals to adhere to the discovery procedures, rendering suspect a disposition for unwarranted protraction and prostitution of the judicial process. Defendant, in the interim, exhausted a couple of attorneys, also himself as attorney pro se, and has a fourth that yet has not been exhausted al-

though defendant's urged remedy has. We find no justification whatever in any suggestion the trial court judge abused his discretion.

CALLISTER, C. J., and TUCKETT, ELLETT, and CROCKETT, JJ., concur.